FILED
2018 Dec-03 PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ALFRED P. MONTGOMERY, } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | 4:17-cv-0404-MHH-JEO |
| } | |
| WARDEN KAREN CARTER and } | |
| the ATTORNEY GENERAL OF THE } | |
| STATE OF ALABAMA, } | |
| } | |
| Respondents. } | |

## MEMORANDUM OPINION

This is a 28 U.S.C. § 2254 habeas corpus case. Petitioner Alfred P. Montgomery, a former Alabama state prisoner proceeding *pro se*, challenges his December 11, 2015 probation revocation by the Circuit Court of St. Clair County, Alabama. (Doc. 1). In particular, Mr. Montgomery alleges that his probation was illegally revoked because (1) he unlawfully was required to pay $22,000 in restitution or be remanded to custody, (2) his counsel was ineffective in that he did not adequately contest the allegations, and (3) his due process rights were violated when his probation was revoked while he was not present and he had not waived his right to be at the hearing. (Doc. 1, pp. 5-9). The respondents argue that Mr. Montgomery's petition is barred by the one-year statute of limitations, is procedurally defaulted, and is without merit. (Doc. 5, pp. 4-8).

On November 30, 2017, the magistrate judge entered a report in which he recommended that the Court dismiss this action because Mr. Montgomery's claims are procedurally defaulted. (Doc. 14). The magistrate judge notified the parties of their right to object within 14 days. (Doc. 14, pp. 10-11). On December 12, 2017, Mr. Montgomery filed objections to the report and recommendation. (Doc. 16).

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B)-(C). The Court reviews de novo legal conclusions in a report and reviews for clear error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Mr. Montgomery objects to the magistrate judge's finding that he (Mr. Montgomery) did not exhaust his state court remedies before he filed his federal habeas petition. Mr. Montgomery states that the "Attorney General wrongly asserted that [he] did not file a Rule 32 petition addressing his issues in the St. Clair County Circuit Court," he has filed an attorney malpractice action regarding his counsel's failure to file an appeal

2

from his probation revocation, and he has filed a malicious prosecution claim against the St. Clair County District Attorney. (Doc. 16, pp. 1-2). According to Mr. Montgomery, these efforts satisfy the exhaustion process.

Mr. Montgomery has not met the exhaustion requirement. He did not present his constitutional challenges to his probation revocation through one complete round of state court post-conviction proceedings, and he did not appeal his revocation. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007). When a claimant does not exhaust his state court remedies before he files a federal habeas petition and the time in which to pursue those state remedies has expired, as is the situation in this case, the claim is procedurally defaulted, and a federal court may not review the claim. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005).[1] Accordingly, the Court overrules Mr. Montgomery's objection.

---

[1] The Court notes that if Mr. Montgomery were able to establish that he was placed in jail solely because he could not afford to make his restitution payments, then, as Mr. Montgomery pointed out in his objection, he might indeed have a valid constitutional challenge to his incarceration under *Bearden v. Georgia*, 461 U.S. 660 (1983), and *Tate v. Short*, 401 U.S. 395 (1971). Had Mr. Montgomery presented that constitutional challenge to the revocation of his probation through one complete round of state court proceedings, then he would be in a better position to ask this Court to consider the merits of his challenge. This Court may not consider the constitutional argument because the record indicates that Mr. Montgomery did not exhaust his state court opportunities for presenting the argument before he filed his federal habeas petition.

3

Having reviewed and considered the materials in the docket in this case and state court records not contained in the docket in this case, the Court adopts the magistrate judge's report and accepts his recommendation.

The Court will enter a separate order consistent with this memorandum opinion.

**DONE** this 3rd day of December, 2018.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE